IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| TROY BEAM, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. _____ |
| INTERNAL REVENUE SERVICE, | ) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

Troy Beam ("Beam") has filed a request for documents with the Internal Revenue Service under the Freedom of Information Act and the Privacy Act. The Internal Revenue Service ("IRS") has failed to supply the requested documents in violation of the Freedom of Information Act.

## FACTS

1. An agency is required to release requested documents within 20 days pursuant to the Freedom of Information Act ("FOIA"). *See* 5 U.S.C 552(6)(A).

2. The IRS is an agency under the FOIA and is required to release documents. *See* 5 U.S.C. § 552(f)(1).

3. On June 4, 2014, Beam submitted to the IRS a FOIA request for a plethora of documents listed in eleven paragraphs. (Exhibit A.)

4. On June 24, 2014, Philip L. Blumenkrantz, Disclosure Specialist, Disclosure Office 2, of the IRS replied to the June 4, 2014 FOIA request and indicated he would not provide any documents other than what was previously provided on March 31, 2014. (Exhibit B.)

1

5. Philip L. Blumenkrantz had provided a response to a similarly-worded FOIA request on March 31, 2014 and only 21 pages were provided in whole or in part. (Exhibit C.)

6. The March 31, 2014 revealed that there were 41 boxes and an additional 281 pages of potentially responsive documents, and that 5 pages were withheld in part and 266 page were withheld in full. (Exhibit C.)

7. The June 24, 2014 letter from Philip L. Blumekrantz should have released all 41 boxes and all of the 281 pages that were identified in the March 31, 2014 letter. The failure to provide those documents constitutes a denial under FOIA.

8. On July 11, 2014, Beam administratively appealed the IRS' decision not to provide documents in response to Beam's June 4, 2014 request for documents under FOIA and the Privacy Act. (Exhibit D.)

9. On August 13, 2014, the IRS Appeals Office mistakenly determined that no documents were withheld from Beam and that the Appeals Office lacked jurisdiction for a FOIA Appeal, and that it was closing the appeal.

10. Beam has no other administrative remedy after the IRS Appeals Office closed the file.

11. Beam never received the 41 boxes of documents, nor did Beam receive anything but 10 unredacted pages and 5 redacted pages on March 31, 2014. Therefore, Beam was denied at least 41 boxes of materials or documents, an additional 266 pages of documents, and was denied the redacted portions of the 5 pages that were redacted.

## JURISDICTION AND VENUE

12. This is a civil action seeking injunctive and other legal and equitable relief and the Court has jurisdiction of the subject matter of this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5

U.S.C. § 552(a)(6), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

13. Venue of this action is properly in this district pursuant to 5 U.S.C. § 552(a)(4)(B) on the ground the Plaintiff resides in this district, or their principle place of business is within this district.

## THE PARTIES

14. Beam is a person residing within in the state of Pennsylvania.

15. Defendant IRS is a part of the Department of the Treasury which is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

## COUNT ONE:
## VIOLATION OF THE FOIA
## FOR FAILURE TO PROMPTLY MAKE RECORDS AVAILABLE

16. Beam incorporates by reference all allegations contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Pursuant to the Freedom of Information Act, the IRS has an obligation to make requested records promptly available unless specifically exempted by the FOIA.

18. Beam's FOIA request is not within the scope of any exception set forth in the FOIA.

19. IRS' failure to make the requested documents available to Beam violates the FOIA.

## COUNT TWO:
## ATTORNEYS' FEES FOR GROSS FAILURE TO COMPLY WITH FOIA MANDATES

20. Beam incorporates by reference all allegations contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. The IRS has acted in bad faith, needlessly requiring the Plaintiffs to incur

3

substantial attorneys' fees in pursuing their rights under the FOIA.

22. 5 U.S.C. § 552(a)(4)(E)(i) authorizes attorneys' fees against the United States in FOIA cases.

23. The IRS' bad faith and unreasonable and substantial delay entitles the Plaintiffs to all attorneys' fee and other expenses incurred in pursuing its Freedom of Information Act request.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court:

(1) That this Court order the IRS to, without objection or reservation, provide Beam with all requested documents without redaction.

(2) That this Court award the Beam all attorneys' fees and costs incurred in pursuing this action pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

(3) That this Court issue any and all other relief to the Plaintiffs as it deems just and proper.

Respectfully submitted on this the 29th day of August, 2014.

    THE BERNHOFT LAW FIRM, S.C.
    Attorneys for the Plaintiff

By:   /s/ Robert G. Bernhoft
      Robert G. Bernhoft
      Wisconsin State Bar No. 1038252

      207 East Buffalo Street, Suite 600
      Milwaukee, Wisconsin 53202
      (414) 276-3333  telephone
      (414) 276-2822  facsimile
      rgbernhoft@bernhoftlaw.com