IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY BEAM,** | : | CIVIL ACTION NO. 3:14-CV-1706 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **INTERNAL REVENUE SERVICE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court in the above-captioned matter is the motion (Doc. 18) to dismiss filed by defendant Internal Revenue Service ("IRS"). The IRS argues that plaintiff Troy Beam's ("Beam") complaint (Doc. 1) should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. For the reasons that follow, the court will grant the motion pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

### I.    Factual Background & Procedural History[1]

On October 10, 2013, Beam filed a request with the IRS pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. (Doc. 1, Ex. C). Specifically, Beam sought certain enumerated categories of documents from IRS criminal investigation files pertaining to Beam. (Doc. 18,

---

[1] In accordance with the standard of review for a Rule 12(b)(6) motion to dismiss, the court will "accept all well-pleaded facts in the complaint as true and view them in the light most favorable" to Beam. Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

Ex. 2). The IRS responded by letter dated March 31, 2014. (Doc. 1, Ex. C). Therein, the IRS enclosed twenty-one pages responsive to Beam's request, five of which were partially redacted. (Id. ¶¶ 5-6). The IRS explained that it withheld approximately forty-one boxes and 266 pages of records and specified the statutory exemptions claimed for all withheld documents. (Id., Ex. C). The IRS informed Beam that its response constituted a partial denial of his FOIA request and enclosed a notice explaining his right to appeal. (Id., Ex. C). The notice delineated that appeals must be filed with the IRS within thirty-five days of receipt of the IRS's response. (Id., Ex C).

On June 4, 2014, Beam submitted an additional FOIA request to the IRS, which he described as "identical" to his request filed on October 10, 2013. (Id., Ex. A at 1). Therein, Beam stated, "Circumstances have changed such that we wish to appeal the IRS's decision regarding these requested documents . . . ." (Id., Ex. A at 1). The IRS responded by letter dated June 24, 2014, noting that Beam's second submission duplicated his first and stating that no additional responsive documents were then available. (Id., Ex. B). On July 11, 2014, Beam filed an "Appeal of Response to FOIA Request" with the IRS Appeals Office. (Id., Ex. D). Beam purported to appeal "the IRS's June 24, 2014 denial of his June 4, 2014 request for all documents related to the IRS's criminal investigation against him." (Id., Ex. D). On August 13, 2014, the IRS rejected Beam's petition, explaining that it lacked "jurisdiction for an appeal" and that it would thereafter close its file on the matter. (Id., Ex. E).

Beam commenced this action on August 29, 2014. (Doc. 1). Beam's complaint asserts that the IRS violated FOIA by refusing to release certain records. (Doc. 1 at ¶¶ 17-19). Beam additionally seeks attorneys' fees for gross failure to comply with FOIA. (Id. ¶¶ 21-23). On April 30, 2015, the IRS filed the instant motion (Doc. 18) to dismiss Beam's complaint for failure to exhaust administrative remedies, pursuant to Federal Rule of Civil Procedure 12(b)(1). On May 6, 2015, the court granted Beam's counsel's motion for leave to withdraw, whereupon Beam elected to proceed in the matter *pro se*. (See Doc. 20). The motion to dismiss is fully briefed and ripe for disposition.

## II.  Legal Standard

Rule 12 of the Federal Rules of Civil Procedure enumerates various defenses and objections a party may raise in response to a pleading as well as the manner in which such defenses and objections are to be asserted. See FED. R. CIV. P. 12. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has indicated that Rule 12(b)(6) is the appropriate procedural vehicle by which to contest a party's timely exhaustion of administrative remedies under FOIA. McDonnell v. United States, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993) ("A failure to exhaust administrative remedies does not *per se* deprive the court of subject matter jurisdiction."); see Flaherty v. President of the U.S., 796 F. Supp. 2d 201, 207 (D.D.C. 2011) (citing Hildalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003)) (holding that dismissal of a FOIA action for failure to exhaust administrative remedies is properly accomplished under Rule

12(b)(6) instead of Rule 12(b)(1)); Stuler v. IRS, No. 10-1342, 2011 WL 2516407, at *1 (W.D. Pa. June 23, 2011) (same), aff'd, 522 F. App'x 162 (3d Cir. 2013); Sindram v. Fox, No. 07-0222, 2007 WL 3225995, at *6 (E.D. Pa. Oct. 31, 2007) (same), aff'd, 374 F. App'x 302 (3d Cir. 2010). But see Degenes v. FBI, No. 11-916, 2012 WL 4478358, at *6 (W.D. Pa. Sept. 27, 2012) (dismissing FOIA claims for failure to exhaust administrative remedies under Rule 12(b)(1)); Nunez v. United States, No. 3:CV-07-1147, 2009 WL 222661, at *3-4 (M.D. Pa. Jan. 29, 2009) (same). The court will thus address the motion *sub judice* under Rule 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)).  To test the sufficiency of the complaint, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (quoting Iqbal, 556 U.S. at 675).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id. at 131; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When the complaint fails to present a *prima facie* case of liability, courts should generally grant leave to amend before dismissing a complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.    Discussion**

In the instant motion, the IRS seeks dismissal of Beam's complaint for failure to exhaust administrative remedies.  (Doc. 18).  The IRS asserts that Beam failed to file a timely appeal contesting the agency's partial denial of his FOIA request.  (Doc. 19 at 4).  Beam contends that he exhausted his administrative remedies by

appealing "the IRS'[s] decision not to provide documents in response to [his] June 4, 2014 request for documents."  (Doc. 1 ¶ 8).

FOIA provides an avenue through which individuals may request information from agencies of the federal government.  See 5 U.S.C. § 552.  However, exhaustion of administrative remedies is a prerequisite to judicial review. McDonnell, 4 F.3d at 1240 (citing Oglesby v. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990)); see Nunez, 2012 WL 4478358, at *4 ("Exhaustion of administrative remedies is generally required to allow the appropriate federal agency the initial opportunity to exercise its discretion and expertise and to make a factual record regarding its determination with respect to the FOIA request." (citing McDonnell, 4 F.3d at 1241)).  Specifically, a requester must file an appeal "within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response."  ExxonMobil Corp. v. Dep't of Commerce, 828 F. Supp. 2d 97, 104 (D.D.C. 2011) (citing Oglesby, 920 F.2d at 65 n.9)); see McDonnell, 4 F.3d at 1240; Fisher v. U.S. Dep't of Justice, No. 07-2273, 2008 WL 8683024, at *4 (D.N.J. May 9, 2008).  The regulations promulgated by the IRS require a FOIA claimant to submit an administrative appeal to the IRS Office of Appeals within thirty-five days of receiving written notification of a denial.  26 C.F.R. § 601.702(c)(10).

In the matter before the court, on March 31, 2014, the IRS notified Beam of its decision to partially deny his FOIA request.  (Doc. 1, Ex. C).  Therein, the IRS advised that Beam had thirty-five days from that date to file an administrative appeal.  (Id., Ex. C).  Beam failed to do so, instead electing to submit a second FOIA

request on June 4, 2014.  (Id., Ex. A).  Significantly, Beam acknowledged that this request was substantively identical to his first.  (Id., Ex. A at 1).

In its supporting papers, the IRS argues that Beam's June 4, 2014 filing was merely an untimely attempt to appeal his initial FOIA request.  (Doc. 19 at 5).  Consequently, the IRS claims that its response thereto cannot be construed as an appealable denial.  (Id. at 6).  The court is compelled to agree.  Beam conceded in his June 4, 2014 petition that his requests were indistinguishable and that, due to changed circumstances, he "wish[ed] to appeal the IRS'[s] decision regarding" the records he sought in his October 10, 2013 request.  (Doc. 1, Ex. A).  It is abundantly clear that Beam's second submission (1) failed to comply with the thirty-five day time limit for appeals established by IRS regulations, and (2) did not constitute a separate and distinct FOIA request.  See 26 C.F.R. § 601.702(c)(10).

Accordingly, the court finds that Beam has failed to allege exhaustion of administrative remedies.  See McDonnell, 4 F.3d at 1240; ExxonMobil, 828 F. Supp. 2d at 104.  The court concludes that Beam's claims under FOIA are not legally cognizable, and amendment of the pleadings would be futile.  See Grayson, 293 F.3d at 108; Shane, 213 F.3d at 116-17; Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983) (stating that amendment is futile if the amended complaint would not survive a motion to dismiss).  Thus, the motion to dismiss will be granted.

## IV.  Conclusion

For all of the foregoing reasons, the IRS's motion (Doc. 18) to dismiss will be granted. An appropriate order will issue.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     July 24, 2015